UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAMM,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY, et al.,<br><br>　　　　Respondents. | Case No. 25-cv-02062-TLT<br><br>**ORDER OF DISMISSAL** |

Petitioner is a state prisoner at the California Health Care Facility proceeding without counsel in this action seeking a "writ of mandate" pursuant to the All Writs Act, 28 U.S.C. § 1651, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). He has been granted leave to proceed *in forma pauperis*.

Petitioner asks this Court to order the Alameda County Superior Court to set aside its denial of petitioner's motion for entry of default judgment in his case in that court, number RG20078772, *Samm v. People of the State of California*. This petition arises out of the same state-court proceeding as petitioner's prior case in this Court, No. 22-cv-02434, in which he sought an order requiring the state court to vacate its order setting aside the entry of default judgment.

As with petitioner's prior attempt to ask this Court to direct the proceedings in state court, this Court does not have the jurisdiction to order the relief petitioner seeks. "[T]he All Writs Act" does not "'operate to confer jurisdiction . . . since it may be invoked by the district court only in aid of jurisdiction which it already has'." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 239–40 (9th Cir. 1967) (quoting *Stafford v. Superior Ct. of Cal., In & For Los Angeles Cnty.*, 272 F.2d 407, 409 (9th Cir. 1959)). Under the All Writs Act, "a court's power to issue any form of

relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). To the extent petitioner seeks to overturn his criminal conviction in state court through this civil state-court case against former Yolo County prosecutor Kyle Hasapes, he can only do so through habeas corpus pursuant to 22 United States Code § 2254. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas is the "exclusive vehicle" for any claim that petitioner seeks to bring "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

In addition, a petition for a writ of federal mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition). Petitioner cannot obtain a federal writ of mandamus compelling the Superior Court of Alameda County or any other state court to take action or refrain from taking action. Petitioner's action is therefore dismissed with prejudice as frivolous.

**IT IS SO ORDERED.**

Dated: July 10, 2025

_____
TRINA L. THOMPSON
United States District Judge